**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4662-18T3

TONYA BOLDS-DAVIS,

    Plaintiff-Respondent,

v.

DEMETRIUS DAVIS,

    Defendant-Appellant.

_____

        Submitted January 27, 2020 – Decided April 17, 2020

        Before Judges Moynihan and Mitterhoff.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County, Docket No. FM-16-1674-16.

        Weinberger Divorce & Family Law Group, LLC attorneys for appellant (Jessica Ragno Sprague on the brief).

        Respondent has not filed a brief.

PER CURIAM

Defendant Demetrius Davis appeals from the trial judge's May 13, 2019 order that denied his request to buy out the interest of plaintiff Tonya Bolds-Davis in marital property owned by the parties, and declined to afford other relief requested by defendant because he had come to judge with unclean hands. Having reviewed the record, and in light of the governing legal principles, we affirm in part and remand in part.

I.

We discern the following facts from the record. Plaintiff and defendant were married on August 3, 1996. The parties had two children, a son and a daughter. On December 18, 2017, the parties entered into a settlement agreement, which was incorporated by reference in an amended dual judgment of divorce (JOD) executed by the parties on January 3, 2018. In relevant part, the JOD stipulated that real property owned by the parties located on 1st Street in Paterson (the subject property) "shall be sold immediately and the net proceeds divided equally between the parties." At all times relevant to this proceeding, defendant has resided in an apartment at the subject property, which is unencumbered by a mortgage.

Thereafter, plaintiff listed the subject property for sale at a purchase price of $140,000. In April 2018, plaintiff entered into a contract with

prospective buyers for the sale of the property at the asking price. Plaintiff and the buyers executed an amended contract of sale in August 2018 to incorporate a mortgage contingency clause, and to establish a closing date of on or before October 22, 2018. Plaintiff requested that defendant allow the prospective buyers to inspect the subject property, but defendant refused. As a result, plaintiff was forced to file a motion, and the trial judge entered an order on August 20, 2018 ordering defendant to cooperate and grant the buyers access to inspect the property.

The trial judge entered a subsequent order on September 24, 2018 directing defendant to immediately provide plaintiff with potential dates and times at which the property could be shown to the buyers. The September 2018 order also ordered that any further delay by defendant in facilitating the buyers' inspection of the subject property would result in sanctions of $100 for every day that he failed to comply. On October 2, 2018, plaintiff sent defendant a notice to vacate the subject property on or before October 22, 2018, the scheduled date of the closing on the property. Plaintiff sent defendant another notice to vacate on November 26, 2018 to permit the buyers to access the subject property to remediate an oil tank and asbestos that had been identified on the property. Both notices to vacate advised that if

3

defendant failed to grant the buyers access to the property, plaintiff would seek relief with the judge by way of motion.

After defendant again failed to vacate the subject property, plaintiff moved to enforce litigant's rights on February 11, 2019, requesting that the judge order defendant to provide the prospective buyers with access to the subject property to facilitate asbestos removal and that defendant vacate the subject property. Plaintiff's motion also sought to assess penalties against defendant, and for defendant to be liable for her legal fees. Annexed to plaintiff's motion was a certification rendered by Juliana E. Blackburn, plaintiff's attorney, in which Blackburn certified as to the facts underlying plaintiff's motion. On February 29, 2019, defendant's attorney sent a letter to Blackburn expressing defendant's interest in buying out plaintiff's interest in the subject property.

On March 28, 2019, defendant opposed plaintiff's motion as being procedurally deficient. Defendant also filed a cross-motion seeking several forms of relief, including a determination that defendant be permitted to buy out plaintiff's interest in the subject property for $70,000. Defendant expressed in his motion that by allowing him to purchase the property, he and plaintiff would save money by avoiding closing costs, including realtor's

4

commissions and attorney's fees, associated with selling the property to the prospective buyers. The cross-motion also requested that the judge (1) order plaintiff to satisfy outstanding bills and reimburse defendant for certain expenses; (2) suspend defendant's alimony obligation because plaintiff cohabitates with a paramour; (3) modify defendant's child support obligation; (4) credit defendant's probation account; (5) direct that the parties attend mediation to resolve issues of custody, parenting time, alimony, and equitable distribution; (6) order that if mediation was unsuccessful that the matter be scheduled for a plenary hearing, and (7) find plaintiff liable for defendant's counsel fees and costs.

On May 13, 2019, the judge entered an order resolving the parties' motions on the papers. The judge denied plaintiff's motion to enforce litigant's rights on procedural grounds, finding that Blackburn's certification failed to satisfy Rule 1:6-6. Specifically, the judge determined that Blackburn lacked first-hand knowledge of the facts and information to which she was attesting.

The judge also denied defendant's cross-motion under the doctrine of unclean hands. The motion judge found that defendant sought to unilaterally amend the parties' judgment of divorce, which established that the subject

property would be sold immediately, and defied subsequent orders entered on August 20, 2018, and September 24, 2018, directing him to cooperate with the sale of the property. The judge directed defendant to comply with the judgment of divorce and the judge's orders, and ordered that if he failed to do so, plaintiff would be entitled to seek enforcement and sanctions by filing a new motion with a proper certification. The judge also determined that defendant must comply with the prior orders before seeking any further relief from the judge. This appeal ensued.

On appeal, defendant raises the following arguments:

> POINT I
> THE TRIAL JUDGE ERRED IN FAILING TO ALLOW [DEFENDANT] TO BUY[]OUT [PLAINTIFF'S] INTEREST IN THE PROPERTY.
>
> POINT II
> THE TRIAL JUDGE MISAPPLIED THE DOCTRINE OF UNCLEAN HANDS AND ERRED IN FAILING TO ADDRESS THE UNOPPOSED RELIEF REQUESTED.

Plaintiff has not filed a responsive brief. Nonetheless, we find defendant's arguments concerning the buy out to be without merit and affirm substantially for the reasons expressed by the motion judge. We are constrained, however, to reverse the judge's determination that resolution of the cross-motion was

6

dependent on defendant's compliance with prior judge orders, and remand for the resolution of the issues raised on the cross-motion.

## II.

Our review of a Family Part judge's factual findings is limited. N.J. Div. of Youth & Family Servs. v. I.H.C., 415 N.J. Super. 551, 577 (App. Div. 2010) (citing Cesare v. Cesare, 154 N.J. 394, 412-13 (1998)). These findings "are binding on appeal when supported by adequate, substantial, credible evidence." Cesare, 154 N.J. at 411-12 (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). "Deference is especially appropriate 'when the evidence is largely testimonial and involves questions of credibility.'" Id. at 412 (quoting In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997)). We will only reverse if the trial judge's findings were "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Rova Farms, 65 N.J. at 484 (quoting Fagliarone v. Township of North Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). However, we give no deference to a trial judge's interpretation of the law. N.J. Div. of Youth & Family Servs. v. R.L., 388 N.J. Super. 81, 89 (App. Div. 2006) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

III.

Defendant argues that the motion judge erred by not allowing him to buy out plaintiff's interest in the subject property, as the JOD does not expressly state that the subject property must be sold to a third party. Defendant argues that the motion judge should not have applied the doctrine of unclean hands to bar this relief. We disagree.

"An agreement that resolves a matrimonial dispute is no less a contract than an agreement to resolve a business dispute." Quinn v. Quinn, 225 N.J. 34, 45 (2016). "To be sure, 'the law grants particular leniency to agreements made in the domestic arena' and vests 'judges greater discretion when interpreting such agreements.'" Id. at 45-46 (quoting Pacifico v. Pacifico, 190 N.J. 258, 265-66 (2007)). "[T]he judge must discern and implement 'the common intention of the parties' and 'enforce [the mutual agreement] as written.'" Id. at 46 (first quoting Tessmar v. Grosner, 23 N.J. 193, 201 (1957); then quoting Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43 (1960)) (second alteration in original).

In this case, we find that the judge's decision to enforce the JOD as written and to refuse to consider defendant's belated request to amend the unequivocal provision that the property be immediately sold was legally

8

correct and well-supported by the facts. In that regard, the record is clear that plaintiff spent substantial time and effort to list the property and procure prospective buyers. She also was unnecessarily forced to expend legal fees on several occasions due to defendant's unwarranted lack of cooperation and his repeated flouting of the judge's orders.

It is axiomatic under the doctrine of unclean hands that "[h]e who comes into equity must come with clean hands." A. Hollander & Son, Inc. v. Imperial Fur Blending Corp., 2 N.J. 235, 245 (1949). "[A] judge should not grant equitable relief to a party who is a wrongdoer with respect to the subject matter of the suit." Pellitteri v. Pellitteri, 266 N.J. Super. 56, 65 (App. Div. 1993). However, the doctrine

> does not repel all sinners from judges of equity, nor does it apply to every unconscientious act or inequitable conduct on the part of the complainants. The inequity which deprives a suitor of a right to justice in a judge of equity is not general iniquitous conduct unconnected with the act of the defendant which the complaining party states as his . . . cause of action; but it must be evil practice or wrong conduct in the particular matter or transaction in respect to which judicial protection or redress is sought.
>
> [Heuer v. Heuer, 152 N.J. 226, 238 (1998) (quoting Neubeck v. Neubeck, 94 N.J. Eq. 167, 170 (E. & A. 1922)).]

The "maxim means that a judge of equity will refuse relief to [any] party who has acted in a manner contrary to the principles of equity." Rolnick v. Rolnick, 290 N.J. Super. 35, 45 (App. Div. 1996) (alteration in original).

In this case, defendant failed to communicate any interest in purchasing the subject property until around February 2019, well after plaintiff had undertaken considerable efforts to sell the property, and after plaintiff had already executed a contract to sell the property to buyers. By ignoring plaintiff's requests and the judge's orders to make the property available for inspection and to vacate, defendant engaged in wrongful conduct connected to the very transaction that he seeks to compel. See Heuer, 152 N.J. at 238.

In contrast, we find that the motion judge's decision to preclude defendant from requesting other relief stemming from the parties' performance under the JOD exceeded his discretion. Although defendant's flouting of his obligations under the JOD and thumbing his nose at subsequent judge orders in bad faith amply justified the judge's denial of defendant's request to buy out plaintiff's interest in the property, we conclude that the further equitable relief sought in the cross-motion was insufficiently connected to defendant's bad-faith conduct to deny or delay resolution of those issues pending his compliance with the prior judge orders. Accordingly, we remand for the

limited purpose of resolving the issues on defendant's cross-motion. We leave it to the trial judge's discretion whether further enforcement of the sale shall await resolution of those issues.

To the extent we have not addressed any of defendant's remaining arguments, we conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed in part, remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION